UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

EATON & VAN WINKLE, LLP, as
the Plan Administrator of
the Eaton & Van Winkle LLP
401(k) Profit Sharing Plan,

                 Plaintiff,

   -against-

YUNGLING REN and
CHRISTINE A. WALDBAUM,

                Defendants.

-----------------------------------X

17 Civ. 6118 (PGG)(HBP)

OPINION
AND ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/21/18

      PITMAN, United States Magistrate Judge:

      By motion dated January 19, 2018 (Docket Item 21), defendant Christine A. Waldbaum seeks the appointment of pro bono counsel. For the reasons set forth below, Ms. Waldbaum's motion is granted.

      This is an interpleader action in which the res in dispute is the interest of Maxim Waldbaum in the 401(k) profit sharing plan maintained by the law firm for which he formerly worked. Mr. Waldbaum was married to defendant Christine A. Waldbaum from 1983 until 2002 when the couple divorced. Approximately five months after the divorce, Maxim Waldbaum married defendant Yungling Ren. The present dispute arises out of the competing claims of Christine Waldbaum and Yungling Ren to the Maxim Waldbaum's interest in the profit sharing plan. Christine

Waldbaum bases her claim on decisions issued by the state courts in New Jersey, the location of the Waldbaum's former marital residence, finding that Maxim Waldbaum owed Christine Waldbaum substantial sums for alimony arrears, child support arrears and legal fees.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003). As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge

2

should first determine whether the indigent's position seems likely to be of substance.'").

> The Court of Appeals for the Second Circuit has
>
>> stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim. In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], [the court] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether the pro se litigant's "position seems likely to be of substance," or showed "some chance of success." Hodge, 802 F.2d at 60-61 (internal quotation marks and citation omitted). In Cooper v. A. Sargenti Co., [the court] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit." 877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003).

It appears that Christine Waldbaum plaintiff lacks the financial resources to retain counsel privately. Plaintiff attests in her application to proceed in forma pauperis that she has only modest assets and is the principal care giver for a disabled son.[1] She has also demonstrated that she has attempted to find counsel on her own, but has been unsuccessful in her efforts. In addition, given Ms. Waldbaum's non-legal background (nursing), the requirements of her son and the complexity of the

---

[1] Oddly, defendant Ms. Ren challenges Christine Waldbaum's claim of poverty, and offers eight-year-old documents in support of her challenge. Obviously, the documents Ms. Ren offers have no relevance to Christine Waldbaum's current financial condition.

3

subject matter, i.e., whether the Orders of the New Jersey State Courts constitute Qualified Domestic Relations Orders within the meaning of Section 206 of ERISA, 29 U.S.C. § 1056, I find that she would have substantial difficulty litigating this mater without an attorney. See Mertens v. Hewitt Assocs., 508 U.S. 248, 262 (1993) (describing ERISA as "an enormously complex and detailed statute").

Most importantly, I find that Christine Waldbaum's claim has sufficient merit to warrant the appointment of counsel. The decisions in the record from the New Jersey State Courts indicate that New Jersey has determined that Maxim Waldbaum owes Christine Waldbaum a substantial amount of money; her claim appears to have substance. Although I also appreciate that Ms. Ren and, perhaps, Maxim Waldbaum may have substantial defenses to Christine Waldbaum's claims, the evidence regarding the latter's claim suggest that they are sufficiently meritorious to meet the low threshold to warrant the appointment of counsel. See generally Ferrelli v. River Manor Health Care Ctr., supra, 323 F.3d at 204.[2]

---

[2] In order to avoid any misunderstanding, I emphasize that I am not making a finding that Christine Waldbaum has demonstrated a probability of success; such a showing is not required for pro bono counsel. I am merely concluding that, at this preliminary stage and based on the limited information available to me, Christine Waldbaum's claims appear to have sufficient substance to warrant pro bono counsel.

4

Accordingly, the Court's Pro Se Office is respectfully requested to seek pro bono counsel to represent defendant Christine Waldbaum in this matter. The Clerk of the Court is requested to mark Docket Item 21 closed.

Dated: New York, New York
September 21, 2018

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Brendan R. Marx, Esq,
Counsel for Eaton & Van Winkle LLP

Copies mailed to:

Yunling Ren, Esq.
Apt. 20-D
175 West 13th Street
New York, New York  10011

Ms. Christine A. Waldbaum
44 North Terrace
Maplewood, New Jersey  07040

5